NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOSEPH DIGIORGIO,

          Plaintiff,

v.

CEZARY SZYPEREK, ANTHONY MYERS,
HOFFINGER INDUSTRIES, INC.,
DOUGHBOY RECREATIONAL, DELAIR,
LLC, DELAIR GROUP, LLC, WILBAR
INTERNATIONAL, INC., et al.,

          Defendants.

Civ. No. 14-5324

OPINION

THOMPSON, U.S.D.J.

This matter comes before the court on Defendant Wilbar International, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6) for failure to state a claim. (Doc. Nos. 12, 34.) For the reasons given below, Defendant's Motion to Dismiss will be granted for lack of subject matter jurisdiction.

BACKGROUND

Plaintiff filed an Amended Complaint making allegations of product liability, failure to design and install, negligence, and failure to warn in connection with injuries he sustained at a pool allegedly manufactured, designed, sold, or maintained by Defendants. (Doc. No. 12.) Plaintiff claims federal jurisdiction solely under 28 U.S.C. § 1332, for suits between citizens of different states with an amount in controversy over $75,000. (*Id.* at 1-2.) However, Plaintiff asserts that he is a citizen of New Jersey, (*id.* at 2,) and Defendants Delair, LLC and Delair

1

Group, LLC are also citizens of New Jersey.  (*Id.* at 3.)  Upon review of the Amended Complaint

and the Motion to Dismiss, this Court issued an Order to Show Cause why the matter should not

be dismissed for lack of subject matter jurisdiction.  (Doc. No. 35.)  In response, the parties

acknowledged the lack of subject matter jurisdiction, sought to waive subject matter jurisdiction,

and requested that the matter be transferred to the New Jersey State Superior Court.  (Doc. No.

39.)

DISCUSSION

A.  Legal Standard

Federal courts are courts of limited jurisdiction, which "may only assert jurisdiction over

certain matters, such as where there is diversity of citizenship between the parties or where a

question is presented under federal law."  *Gray v. Peruto*, 481 F. App'x 716, 717 (3d Cir. 2012)

(citing 28 U.S.C. §§ 1331–1334).  Complete diversity of citizenship requires that, "in cases with

multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any

defendant."  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

If a court finds that it lacks jurisdiction, 28 U.S.C. § 1631 authorizes the court to transfer

the matter "to any other such court in which the action or appeal could have been brought."  But

Section 1631 applies only to transfers within the federal system, and does not permit federal

courts to transfer matters to state courts.  *Levin v. Lillien*, 511 F. App'x 149, 150-51 (3d Cir.

2013); *Moravian Sch. Advisory Bd. of St. Thomas, V.I. v. Rawlins*, 70 F.3d 270, 274 (3d Cir.

1995) (citing *McLaughlin v. Arco Polymers, Inc.*, 721 F.2d 426, 429 (3d Cir. 1983)).  Under 28

U.S.C. § 1447(c), a federal court may remand a case to state court, but only if the case was filed

in state court in the first instance.  *Levin*, 511 F. App'x at 150; *McLaughlin*, 721 F.2d 429.  In all

2

other cases, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

B. Analysis

Plaintiff based his claim for federal jurisdiction solely upon diversity under 28 U.S.C. § 1332. Plaintiff acknowledges that this case lacks diversity because both he and two of the Defendants are citizens of New Jersey. In his request for transfer, Plaintiff states that the parties have consented to the lack of subject matter jurisdiction. (Doc. No. 39.) But "[i]t is well-settled that a party can never waive lack of subject matter jurisdiction." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *see also Duvall v. Elwood*, 336 F.3d 228, 230 (3d Cir. 2003). The Court cannot transfer the matter to state court under 27 U.S.C. § 1631 because Section 1631 only allows transfer to another federal court. And because Plaintiff filed the case initially in federal court, the Court may not remand the matter to state court. Because the Plaintiff has asserted no basis for federal jurisdiction, and the case cannot be transferred or remanded, the case must be dismissed with respect to all Defendants.

CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is hereby granted, and the case will be dismissed in its entirety without prejudice for lack of jurisdiction.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

3